IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA PFENDER, | : | |
| | : | 4:09-cv-1838 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. J. Andrew Smyser |
| JEFFREY BEARD, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### February 16, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 61), filed on January 27, 2011, which recommends that we grant the Defendants' Motion for Summary Judgment (Doc. 42). *Pro se* Plaintiff Dona Pfender ("Plaintiff" or "Pfender") filed objections to the Magistrate Judge's R&R on February 14, 2011. (Docs. 67 and 68). On February 15, 2011, the Defendants filed a brief in opposition to the Plaintiff's objections. (Doc. 69). Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the R&R, grant the Defendants' Motion for Summary Judgment and close this case.

**I. STANDARDS OF REVIEW**

1

### A. Review of Magistrate Judge's R&R

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### B. Summary Judgment

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the

moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## II. BACKGROUND

The complaint alleges that Plaintiff is the president of a prisoner civil rights advocacy group and was prohibited by defendant Lawler, the Warden of the State Correctional Institution at Huntingdon, from visiting any Pennsylvania State correctional institution. This prohibition followed a January 2008 incident at SCI-Huntingdon where a contraband item, established to be an implement of escape, was found in the possession of inmate Dwayne Hill and was determined to have come from the Plaintiff's address. The item, an aerial view of SCI-Huntingdon, showing the complete layout of the institution, was found inside an envelope that had been mailed to inmate Hill with the return address naming "Donna Hill" and bearing the Plaintiff's address. Plaintiff claims that she did not send inmate Hill the aerial view of the institution, although she concedes that the envelope from

4

"Donna Hill" was sent by her. Plaintiff explains that she used the name "Donna Hill"on mailings to inmate Hill "out of respect for the personal relationship that I have with inmate Dwayne Hill, whom I plan to marry legally on February 14, 2011." (Pfender Declaration, ¶ 4).

Defendant Lawler communicated his decision to suspend Pfender's visitation privileges by letter to her dated June 19, 2008. Thereafter, Pfender wrote a letter to Lawler dated June 25, 2008 requesting reconsideration of the suspension, which was denied by Lawler's July 16, 2008 letter.

On July 27, 2008, Pfender wrote a letter to the Secretary of Corrections, Defendant Beard, requesting a review and reinstatement of her visitation privileges. By letter dated September 12, 2008, Beard responded to Pfender, declining to reinstate her visitation privileges but informing her that she could apply for reinstatement after two years.

On July 7, 2010, in response to a request for reinstatement of visitation privileges, Defendant Lalwer sent a letter to Pfender reinstating her non-contact visits and advising her that if there were no incidents for six months, her contact visitation privileges would also be reinstated.

In her complaint, filed on September 23, 2009, Plaintiff claims that her exclusion from state correctional institutions violates her right to due process and

5

equal protection of the law. Declaratory and injunctive relief are sought, as well as compensatory and punitive damages.

**III. DISCUSSION**

As noted above, on January 27, 2011, Magistrate Judge Smyser issued a R&R recommending that the Defendants' Motion for Summary Judgment (Doc. 43) be granted in its entirety and that the case be closed. With respect to the due process claim, Magistrate Judge Smyser reasoned that while Plaintiff disputes the factual basis for the suspension of her visitation, she was not necessarily deprived of a protected interest in the absence of due process. *See Overton v. Bazzetta*, 539 U.S. 126 (2003) (the First Amendment right of association does not necessarily survive incarceration, neither the right of the prisoner nor the right of the potential visitor). In *Turner v. Safley*, 482 U.S. 78 (1987) the Supreme Court held that reasonable prison regulations which impinge on constitutional rights are valid so long as they are reasonably related to a legitimate penological interest. Citing *Turner*, Magistrate Judge Smyser concluded that the Defendants had a rational basis for suspending Pfender's visitation in the face of their reasonable belief that she supplied inmate Hill with a prison layout diagram because a legitimate penological interests exists in preventing escape attempts by prisoners. We wholly agree with this conclusion and note that it matters not whether or not Pfender

actually sent inmate Hill the diagram.  The Defendants had a reasonable basis for concluding that the aerial view was sent by Pfender, since it was found inside an envelope bearing her identification as a return address.  Here, the actions of the Defendants comport with the "flexible" due process standards that "the particular situation demands."  *Matthews v. Eldridge*, 424 U.S. 319, 344 (1976)(quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).

With respect to Plaintiff's equal protection claim, Magistrate Judge Smyser aptly noted that because Plaintiff has not alleged that she has been denied equal protection of the law based on a suspect classification, a rational basis standard is appropriately applied to Plaintiff's equal protection claim.  Using the rational basis test, "if the justification for the disparate treatment is neither arbitrary nor capricious, but grounded on some reasonable policy, there is no denial of equal protection of the laws."  *Jamieson v. Robinson*, 641 F. 2d 138, 142 (3d Cir. 1981). As with the due process claim, Magistrate Judge Smyser concluded that the Defendants treatment of Plaintiff was not arbitrary, but was grounded on a legitimate penological interest.  We agree.  There exists a rational basis for Defendants' determination to suspend Plaintiff's visitation in view of the Defendants' finding that Plaintiff had supplied an inmate with a contraband item.

Plaintiff's main objection to the R&R is based on her view that there exists a genuine dispute as a material fact which necessarily precludes a grant of summary judgment, namely whether she sent the aerial view of the institution to inmate Hill. However, for the reasons set forth above, we find that this fact is not material to our consideration of Plaintiff's claim. Simply put, Plaintiff's right to visit Pennsylvania's correctional institutions is not fundamental or absolute, and in the face of the Defendants' reasonable determination that Plaintiff had supplied an inmate with contraband, we cannot find that the suspension of her visitation violated her constitutional rights.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, we shall adopt the R&R in its entirety and overrule Plaintiff's objections. The Defendants' Motion for Summary Judgment shall be granted and this case shall be closed. An appropriate Order shall issue.